SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
BEAL STREAM VENTURES, LLC,                          :
                                                    :         Index No.
                  Plaintiff,                        :
                                                    :         **SUMMONS**
       -against-                                    :
                                                    :         Plaintiff designates
LIGHTSTONE GROUP, LEEDING BUILDERS                  :         NEW YORK COUNTY
GROUP LLC, STONEHILL & TAYLOR                       :         as the place of trial.
ARCHITECTS, P.C., NEILL E. PARKER JR.,              :
MOXY NEW YORK CITY LOWER EAST SIDE,                 :         The basis of venue is:
MARRIOTT INTERNATIONAL, INC.,                       :         SITUS OF INCIDENT
MICHAELIS BOYD INC., & ROCKWELL                     :
GROUP LTD,                                          :
                                                    :         *Plaintiff's Address:*
                  Defendants.                       :         511 South Gulley Rd.
-------------------------------------------------------------x         Dearborn, MI 48124

TO THE ABOVE NAMED DEFENDANT(S):

      **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorney an answer to the Complaint in this action and serve a copy of your answer on Plaintiff's attorney within twenty (20) days after the service of this summons if this summons is served personally within the State of New York, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      Plaintiff designates New York County as the place of trial, because New York County is where a substantial part of the events or omissions giving rise to the claims set forth in the Complaint occurred.

Dated: New York, New York
       May 28, 2023

                                                      Yours, etc.

                                                      *Leslie Treff* (signature)
                                                      _____
                                                      Leslie Treff, Esq.
                                                      Law Office of Leslie Treff
                                                      *Attorney for Plaintiff*
                                                      43 West 43rd Street, Suite 25
                                                      New York, New York 10036
                                                      Office: 1-212-389-5984
                                                      Fax: 1-212-253-4056
                                                      law@LeslieTreff.com

DEFENDANT'S ADDRESSES

LIGHTSTONE GROUP
1985 Cedar Bridge Avenue, Suite 1
Lakewood, New Jersey 08701

LIGHTSTONE GROUP
c/o David Lichtenstein
d/b/a The Lightstone Group
460 Park Avenue, 13th floor
New York, New York 10022

LEEDING BUILDERS GROUP, LLC
28 Liberty Street
New York, New York 10005

STONEHILL & TAYLOR ARCHITECTS, P.C.
31 West 27th Street, 5th floor
New York, New York 10001

NEILL E. PARKER JR.
STONEHILL & TAYLOR ARCHITECTS, P.C.
31 West 27th Street, 5th floor
New York, New York 10001

MOXY NEW YORK CITY LOWER EAST SIDE
145 Bowery
New York, New York 10002

MARRIOTT INTERNATIONAL, INC.
Via Secretary of State

MICHAELIS BOYD, INC.
150 West 25th Street, Suite 901
New York, New York 10001

ROCKWELL GROUP LTD
640 Fulton Street, Suite 4
Farmingdale, New York 10001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
BEAL STREAM VENTURES, LLC,                   :
                                             :     Index No.
                Plaintiff,                   :
                                             :     **VERIFIED COMPLAINT**
        -against-                            :     **AND JURY DEMAND**
                                             :
LIGHTSTONE GROUP, LEEDING BUILDERS           :
GROUP LLC, STONEHILL & TAYLOR                :
ARCHITECTS, P.C., NEILL E. PARKER JR.,       :
MOXY NEW YORK CITY LOWER EAST SIDE,          :
MARRIOTT INTERNATIONAL, INC.,                :
MICHAELIS BOYD INC., & ROCKWELL              :
GROUP LTD,                                   :
                                             :
                Defendants.                  :
-------------------------------------------------------------------x

Plaintiff, by its attorneys, LAW OFFICE OF LESLIE TREFF, as and for its Verified Complaint herein, respectfully sets forth and alleges, on information and belief, as follows:

**PARTIES**

1. At all times relevant herein, Plaintiff BEAL STREAM VENTURES, LLC operates in Wayne County, Michigan.

2. That, at all times relevant herein, the defendant, THE LIGHTSTONE GROUP, is, was, and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. That, at all times relevant herein, the defendant, THE LIGHTSTONE GROUP, is, was, and has been a foreign corporation and/or other foreign business entity, duly authorized to do business in the State of New York.

4. That, at all times relevant herein, the defendant, THE LIGHTSTONE GROUP, is, was and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

5. That, at all times relevant herein, the defendant, THE LIGHTSTONE GROUP, is, was and has been a franchisee authorized to do business in the State of New York.

6. That, at all times relevant herein, the defendant, THE LIGHTSTONE GROUP transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

7. That, at all times relevant herein, the defendant, LEEDING BUILDERS GROUP LLC, is, was, and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. That, at all times relevant herein, the defendant, LEEDING BUILDERS GROUP LLC, is, was, and has been a foreign corporation and/or other foreign business entity, duly authorized to do business in the State of New York.

9. That, at all times relevant herein, the defendant, LEEDING BUILDERS GROUP LLC, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

10. That, at all times relevant herein, the defendant, STONEHILL & TAYLOR ARCHITECTS, P.C., is, was, and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. That, at all times relevant herein, the defendant, STONEHILL & TAYLOR ARCHITECTS, P.C., is, was, and has been a foreign corporation and/or other foreign business entity, duly authorized to do business in the State of New York.

12. That, at all times relevant herein, the defendant, STONEHILL & TAYLOR ARCHITECTS, P.C., transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

13. That, at all times relevant herein, the defendant, NEILL E. PARKER JR., was an employee of defendant STONEHILL & TAYLOR ARCHITECTS, P.C.

14. That, at all times relevant herein, the defendant, NEILL E. PARKER JR., was an independent contractor working for STONEHILL & TAYLOR ARCHITECTS, P.C.

15. That, at all times relevant herein, the defendant, MOXY NEW YORK CITY LOWER EAST SIDE, is, was, and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

16. That, at all times relevant herein, the defendant, MOXY NEW YORK CITY LOWER EAST SIDE, is, was, and has been a foreign corporation and/or other foreign business entity, duly authorized to do business in the State of New York.

17. That, at all times relevant herein, the defendant, MOXY NEW YORK CITY LOWER EAST SIDE, is, was and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

18. That, at all times relevant herein, the defendant, MOXY NEW YORK CITY LOWER EAST SIDE, is, was and has been a franchisee authorized to do business in the State of New York.

19. That, at all times relevant herein, the defendant, MOXY NEW YORK CITY LOWER EAST SIDE transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

20. That, at all times relevant herein, the defendant, MOXY NEW YORK CITY LOWER EAST SIDE, was a d/b/a employed by defendant, MARRIOTT INTERNATIONAL, INC., a foreign corporation and/or other foreign business entity, duly authorized to do business in the State of New York.

21. That, at all times relevant herein, the defendant, MARRIOTT INTERNATIONAL, INC., transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

22. That, at all times relevant herein, the defendant, MICHAELIS BOYD INC., is, was, and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

23. That, at all times relevant herein, the defendant, MICHAELIS BOYD INC., is, was, and has been a foreign corporation and/or other foreign business entity, duly authorized to do business in the State of New York.

24. That, at all times relevant herein, the defendant, MICHAELIS BOYD INC., transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

25. That, at all times relevant herein, the defendant, ROCKWELL GROUP LTD, is, was, and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

26. That, at all times relevant herein, the defendant, ROCKWELL GROUP LTD, is, was, and has been a foreign corporation and/or other foreign business entity, duly authorized to do business in the State of New York.

27. That, at all times relevant herein the defendant, ROCKWELL GROUP LTD, is, was and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

28. That, at all times relevant herein the defendant, ROCKWELL GROUP LTD, is, was and has been a franchisee authorized to do business in the State of New York.

29. That, at all times relevant herein, the defendant, ROCKWELL GROUP LTD, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

## JURISDICTION AND VENUE

30. This Court has personal jurisdiction pursuant to N.Y. C.P.L.R. § 503(a), because defendants are present and doing business within New York. At all relevant times mentioned, defendants were and continue to be authorized to conduct business in New York, and defendants conducted such business within the State, including the performance of acts that caused and/or contributed to the harm giving rise to the action.

31. Plaintiffs designate New York County as the place of trial. Venue is proper in New York County because the Defendants were involved with the construction of the hotel at 145 Bowery, New York, New York 10002, where the damages that are the subject of this matter occurred.

## SPECIFIC ALLEGATIONS

32. On or about May 30, 2020, Plaintiff operated an art gallery that was located at 329 Broome Street, New York, New York 10002.

33. On May 30, 2020, Plaintiff discovered water had seeped into the ground floor of the art gallery at 329 Broome Street, New York, New York 10002.

34. On or about May 30, 2020, the defendants were excavating and directing the excavation of the lot known as 145 Bowery, New York, New York 10002.

35. The location of the excavation taking place on or about May 30, 2020, took place immediately behind the gallery at 329 Broome Street, New York, New York 10002.

36. No protection was provided by defendants to prevent water from the lot at 145 Bowery, New York, New York 10002, escaping onto the property and into the building located at 329 Broome Street, New York, New York 10002.

37. As a result of the water seepage into the property at 329 Broome Street, New York, New York 10002 that occurred on or about May 30, 2020, there was water damage to monitors, cameras, lenses, music equipment, fine art, and a 3D printer.

38. The total property damage, as well as loss of income due to the damaged artwork, which was experienced by Plaintiff, as a result of the water seepage that occurred on or about May 30, 3020, amounted to $2,397,000.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**

39. Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as to defendants, and each of them as follows:

40. On and prior to May 30, 2020, Plaintiff was lawfully operating an art gallery in the premises at 329 Broome Street, New York, New York 10002.

41. On or about May 30, 2020, defendants, their agents, servants and/or employees, were careless and negligent in the ownership, maintenance, repair, operation, control, management, supervision, inspection, renovation, construction, alteration, arranging, and conducting of the site at 145 Bowery, New York, New York 10002.

42. On or about May 30, 2020, defendants, their agents, servants and/or employees, were careless and negligent in causing, allowing, permitting and/or creating a dangerous, defective, hazardous, unsafe condition that was the proximate cause of the water seepage into the building

at 329 Broome Street, New York, New York 10002, and the resulting property and economic damages.

43. The Defendants knew, or in the exercise of reasonable care, should have known that the aforementioned conditions of the premises, as well as the failure to maintain proper safety protective measures, constituted a danger and unreasonable harm to the property of Plaintiff.

44. As a direct and proximate result of defendants' carelessness and negligence, Plaintiff suffered property and economic damages in the amount of $2,397,000.

45. Said occurrence and resulting property and economic damage occurred without any fault or wrongdoing on the part of Plaintiff contributing thereto.

46. Furthermore, the property and economic damages caused by defendants' conduct would not have occurred had defendants had exercised the degree of care imposed upon them, and Plaintiff therefore also pleads the doctrine of *res ipsa loquitur*.

**WHEREFORE,** Plaintiffs pray for judgment against the Defendants, jointly and severally, granting Plaintiff's damages of $2,397,000, together with the costs and disbursements of this action, as well as statutory interest from May 30, 2020.

Dated: May 28, 2023
New York, New York

Yours, etc.

*Leslie Treff*
_____
Leslie Treff, Esq.
Law Office of Leslie Treff
*Attorney for Plaintiff*
43 West 43rd Street, Suite 25
New York, New York 10036
Office: 1-212-389-5984
Fax: 1-212-253-4056
law@LeslieTreff.com

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                       :ss.
COUNTY OF NEW YORK  )

I, Leslie Treff, an attorney duly admitted to practice law in the State of New York., make the following affirmation under the penalties of perjury:

I am an attorney in the firm of LAW OFFICE OF LESLIE TREFF, the attorneys of record for the Plaintiff.

I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

This verification is made by affirmant and not by Plaintiff, because Plaintiff does not reside in the County of New York, which is the County where your affirmant maintains her office.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said Plaintiff, information contained in the said Plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
       May 28, 2023

_____
Leslie Treff