UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2023
```

BEAL STREAM VENTURE, LLC,

                Plaintiff,

-against-

LEADING BUILDERS GROUP LLC, STONEHILL & TAYLOR ARCHITECTS, P.C., NEILL E. PARKER JR., MOXY NEW YORK CITY LOWER EAST SIDE, MARRIOT INTERNATIONAL, INC., MICHAELS BOYD INC., and ROCKWELL GROUP LTD,

                Defendants.

1: 23-cv-5641-MKV

OPINION AND ORDER
REMANDING CASE

MARY KAY VYSKOCIL, United States District Judge:

On June 30, 2023, Defendants Lightstone Group ("Lightstone") and Leeding Builders Group LLC ("Leeding") removed this case from the Supreme Court of the State of New York, County of New York pursuant to 28 U.S.C. Section 1446(a). [ECF No. 1]. Defendants Lightstone and Leeding have since filed proof of service of the Notice of Removal on all parties to the action. [ECF Nos. 7, 9]. To date, Plaintiff Beal Stream Ventures, LLC has not appeared in this Court or sought remand. The Court—as it is independently obligated to do—has assessed whether the Court has subject matter jurisdiction to hear this action and whether removal was otherwise proper. *See Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *In re Tronox Inc.*, 855 F.3d 84, 95 (2d Cir. 2017). The Court concludes that it is without subject matter jurisdiction to hear the case, and, as such, the case must be remanded to state court for any further proceedings.

## BACKGROUND

### A.   Factual Background

Plaintiff Beal Stream Ventures, LLC, an art gallery operating in New York City, alleges that Defendants were excavating and directing the excavation of a lot immediately behind the

1

gallery, when Plaintiff discovered that water had seeped into its ground floor. Complaint [ECF No. 1-1] ("Compl.") ¶¶ 32–35. Plaintiff alleges that Defendants' negligence caused water from the lot to escape onto Plaintiff's property, causing water damage to fine art, monitors, cameras, lenses, music equipment, and a 3D printer. Compl. ¶¶ 36–38.

### B. *Procedural Background*

On May 28, 2023, Plaintiff sued Defendants in the Supreme Court of the State of New York, County of New York, filing a Summons and Complaint. *See generally* Compl. [ECF No. 1-1]. Plaintiff asserted a claim for negligence against Defendants. *See* Compl. ¶¶ 39–46. On June 30, 2023, Defendants Lightstone and Leeding timely removed the action to this Court, pursuant to 28 U.S.C. Section 1441, invoking the Court's diversity jurisdiction. *See* [ECF No. 1] ("Removal Notice" or "Notice") ¶¶ 15, 17; 28 U.S.C. § 1332(a). In its Notice of Removal, Defendants Lightstone and Leeding stated that the Complaint had not yet been served on Defendants but that they became aware of the action by virtue of an internal investigation. Notice ¶ 3. In the Removal Notice, Defendants Lightstone and Leeding state that "the citizenship of the parties are completely diverse and the amount plaintiff seeks exceeds $75,000 exclusive of interest and costs." Notice ¶ 15. Moreover, the Removal Notice states that Defendants Lightstone and Leeding "have consented to removal, and none of the other co-defendants has been served with the Complaint based on NYSCEF docket." Notice ¶ 19. To date, Plaintiff has not appeared in this Court.

## DISCUSSION

### I. The Court Lacks Subject Matter Jurisdiction

Because Defendants Lightstone and Leeding removed this case on the basis of the Court's diversity jurisdiction, Notice ¶¶ 15, 17, they bear the burden of demonstrating that diversity jurisdiction actually exists. *See Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994). Given "congressional intent to restrict federal court jurisdiction" and "the importance of preserving

the independence of state governments," the Court must "construe the removal statute narrowly, resolving any doubts *against* removability." *Lupo*, 28 F.3d at 274 (emphasis added) (internal citation omitted).

Under Section 1332(a), "federal courts have jurisdiction to hear cases between diverse parties 'where the matter in controversy exceeds the sum or value of $75,000[.]' " *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (quoting 28 U.S.C. § 1332(a)). Section 1332 requires "complete diversity," meaning that "all plaintiffs must be citizens of states diverse from those of all defendants." *Id*. Diverse parties consist of citizens of different states or "citizens of a State and citizens or subjects of a foreign state[.]" *Id*. (quoting 28 U.S.C. § 1332(a)(2)). For purposes of Section 1332, the citizenship of an LLC "is determined not by the LLC's place of incorporation or principal place of business, but by the citizenship of each member of the LLC." *Agility Logistics Corp. v. Elegant USA, LLC*, No. 09-CV-4719, 2009 WL 3094898, at *1 (S.D.N.Y. Sept. 25, 2009) (citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990)).

Defendants Lightstone and Leeding concede that the Plaintiff is a limited liability company. *See* Notice ¶ 4. However, the Notice fails to allege the identity or the citizenship of each member of Plaintiff LLC, and instead solely alleges that "Plaintiff . . . is a domestic limited liability company with its principal place of business at 511 S. Gulley, Dearborn, Michigan 48124." *See* Notice ¶ 4. However, the citizenship of an LLC "is [not] determined [] by the LLC's place of incorporation or principal place of business." *Agility Logistics Corp*, 2009 WL 3094898, at *1. Additionally, while the Notice alleges that "[u]pon information and belief, none of the members of [Defendants Lightstone and Leeding] are residents of the State of Michigan," *see* Notice ¶ 7, it fails to provide the actual identities or citizenships of these members for purposes of diversity.

3

As such, because Defendants Lightstone and Leeding fail to properly allege the LLC citizenship for purposes of diversity, the Court lacks subject matter jurisdiction under 28 U.S.C. Section 1332, and removal was improper.

### II.   This Case shall be Remanded For Lack of Subject Matter Jurisdiction

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added). This provision authorizes a district court to remand a case *sua sponte* at any time upon finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006). Here, Defendants Lightstone and Leeding fail to meet their burden of showing that diversity exists. The Court therefore is compelled to remand for lack of federal subject matter jurisdiction.

### CONCLUSION

For the foregoing reasons, the Court *sua sponte* determines that it lacks subject matter jurisdiction to entertain this case. The Clerk of the Court respectfully is requested to remand this case to New York Supreme Court for further proceedings.

**SO ORDERED.**

Date:  November 15, 2022
       New York, NY

_____
**MARY KAY VYSKOCIL
United States District Judge**